## Mazur v. Washington County Redevelopment Authority

C.P. of Washington County, no. 2005-2455.

*Peter M. Suwak,* for plaintiffs.

*Falco A. Muscante,* for defendant Trinity Area School District.

*James H. McCune,* for defendants Washington County Redevelopment Authority and William McGowen.

*Thomas A. Lonich,* for defendant South Strabane Township.

*Mary J. Drewitz,* for defendant Washington County.

MOSCHETTA, *J.,* September 20, 2005—This matter is before the court on defendants', Washington County Redevelopment Authority, William R. McGowen, Trinity Area School District, Washington County and South Strabane Township, joint motion for judgment on the pleadings and plaintiffs', Edward Mazur, Jeffrey Bull, and Citizens Against Tax Incremental Financing, cross motion for judgment on the pleadings.

This matter arises out of meetings held by a Tax Incremental Financing (TIF) Committee. The TIF Committee

consists of representatives from Washington County, Trinity School District, South Strabane Township and the Washington County Redevelopment Authority. On May 9, 2005, plaintiffs filed a complaint alleging that defendants violated provisions of the Sunshine Act, 65 Pa.C.S. §701 et seq., by holding TIF Committee meetings that were not open to the public.

In reviewing a motion for judgment on the pleadings, the court may consider only the pleadings, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *School Security Services Inc. v. Duquesne City School District,* 851 A.2d 1007, 1011 n.2 (Pa. Commw. 2004). Judgment on the pleadings may only be granted where the moving party's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *School Security Services Inc.,* 851 A.2d at 1011.

In their complaint, plaintiffs allege that the TIF Committee's purpose is to gather information concerning a proposed TIF and to presumably report to their governing bodies the information shared during the meetings to allow the governing bodies to cast a vote concerning the approval of the proposed TIF. The complaint continues by stating that the TIF Committee is an "agency." The complaint also states that the TIF Committee itself consists of committees of individual governing bodies that are authorized to render advice to the main board.

Plaintiffs' complaint also goes on to contend that TIF Committee meetings were held on or about April 8, 2005 and April 29, 2005 and that these meetings violated the Sunshine Act, 65 Pa.C.S. §701 et seq., because the meet-

ings were not open meetings with information available to the public. The complaint did not specifically allege that the TIF Committee took votes, adopted policies or took any official actions during the closed meetings. Plaintiffs requested relief pursuant to 65 Pa.C.S. §713, asking the court to find actions taken at the TIF Committee meetings invalid.

The Sunshine Act defines agency as: "The body, and all committees thereof authorized by the body to take official action or render advice on matters of agency business, of all the following: . . . any state, municipal, township or school authority, school board . . . or pursuant to a statute which declares in substance that the organization performs or has for its purpose the performance of an essential governmental function. . . ." 65 Pa.C.S. §703.

Defendants had representatives serving on the TIF Committee, however, this TIF Committee is not a committee consisting solely of representatives from one municipality, township or school authority. The TIF Committee itself is not a political subdivision of the Commonwealth. Instead, it is a committee made up of representatives from Washington County, South Strabane Township, and Trinity School District, which are three separate taxing bodies, along with representatives from the redevelopment authority. Also, the TIF Committee itself is not a named defendant in this action. If the TIF Committee was an agency under the definition of the Sunshine Act, it would also need to be a named defendant in the complaint.

However, even if the TIF Committee is an agency under the Sunshine Act, the actions of the TIF Committee did not violate the Sunshine Act. The closed meetings

held by the committee did not result in "official action" by the TIF Committee or any of the defendants. Official action, according to the Sunshine Act, consists of (1) recommendations made by an agency pursuant to statute, ordinance, or executive order; (2) the establishment of policy by an agency; (3) the decisions on agency business made by agency; (4) the vote taken by any agency on any motion, proposal, resolution, rule, regulation, ordinance, report or order. 65 Pa.C.S. §703.

The TIF Committee did not establish policy, make decisions on agency business, or take votes. The purpose of the TIF Committee was to discuss the TIF proposal and convey the information discussed regarding Tax Incremental Financing to the defendants. The discussions of the TIF Committee did not amount to deliberations or recommendations by an agency. The Sunshine Act defines deliberation as being the discussion of agency business for the purpose of making a decision. 65 Pa.C.S. §703. In defendant Trinity's response and new matter to plaintiffs' complaint, it stated that the TIF Committee has no decision-making authority. Plaintiffs did not specifically deny this allegation in their reply to new matter.

The Sunshine Act does not foreclose agency representatives from informally debating issues with others. *Conners v. West Greene School District,* 131 Pa. Commw. 95, 104, 569 A.2d 978, 983 (1990). The Sunshine Act allows agency representatives to inquire, question and learn about issues outside of public meetings. *Conners,* 131 Pa. Commw. at 135, 569 A.2d at 983. The Sunshine Act requires actions, deliberations, votes and decision-making to occur at public meetings. The actions of the TIF Committee, in discussing various TIF proposals that could be presented to the representatives' respective gov-

erning bodies, does not violate the Sunshine Act. 65 Pa.C.S. §703.

However, even if the closed meetings of the TIF Committee violated the provisions of the Sunshine Act, the violation could be cured by a subsequent public meeting on the issue. In *Lawrence County v. Brenner,* 135 Pa. Commw. 619, 582 A.2d 79 (1990), two separate actions were brought against the county to nullify decisions made by county commissioners during an executive session. The Commonwealth Court held that the decisions made by the county commissioners at the executive session came within the purview of the Sunshine Act. *Brenner,* 135 Pa. Commw. at 629, 582 A.2d at 84. The court went on to state that, short of fraud, decisions reached at a closed meeting which violate the Sunshine Act could be cured by subsequent ratification at a public meeting. *Brenner,* 135 Pa. Commw. at 629, 582 A.2d at 84. The court in *Brenner* also found that, by adopting the resolution the county commissioners discussed in the executive session, at a regularly scheduled public meeting, after allowing public comment, the purported Sunshine Act violation was cured. *Id.*

Likewise, in the present action, any violation of the Sunshine Act that may have occurred as a result of the closed meetings of the TIF Committee were subsequently cured. Prior to any of the defendants voting on the TIF proposals, a public meeting on the matter took place on July 11, 2005. This July 11, 2005 meeting was open to the public and allowed public discussion and comment on potential TIF proposals. This public meeting and the subsequent public votes on the proposals by the taxing bodies cured any Sunshine Act violations that may have occurred on this issue.

After reviewing the record and considering the pleadings, admissions and documents attached to the pleadings, this court believes that the defendants' right to succeed is certain. Therefore, the defendants' motion for judgment on the pleadings is hereby granted. Plaintiff's cross motion for judgment on the pleadings is hereby denied.

## ORDER

And now, September 20, 2005, after reviewing the record and based upon the briefs filed in the above case, defendants' motion for judgment on the pleadings is hereby granted. Plaintiff's cross motion for judgment on the pleadings is hereby denied.